UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

WDF, INC.,

       Plaintiff,

vs.

THE TRAVELERS COMPANIES INC.,

       Defendant.

-----------------------------------------------------------x

Case No. 07 CIV. 4828 (WCC)

**ECF CASE**

**ANSWER**

       Defendant The Travelers Companies, Inc. ("Travelers"), by its undersigned attorneys, as and for its answer to the Complaint herein, alleges:

## JURISDICTION

       1.    Travelers neither admits not denies the allegations in the first sentence of Paragraph 1 of the Complaint, as same is a conclusory allegation as to the nature of this action. Travelers admits the allegations in the second sentence of said paragraph.

       2.    Answering the allegations in Paragraph 2 of the Complaint, Travelers admits that venue is properly based in this district.

## THE PARTIES

       3.    Travelers denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

       4.    Travelers denies the allegation in Paragraph 4 of the Complaint and states that that it is a Connecticut corporation with its place of business at One Tower Square, Hartford, Connecticut.

## FACTS

5. Travelers admits the allegations in Paragraph 5 of the Complaint and refers the Court to the Contract referenced therein for its terms and conditions.

6. Travelers denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and refers the Court to the Contract referenced therein for its terms and conditions.

7. Answering the allegations in Paragraph 7 of the Complaint, it admits only that Fidelity and Guaranty Insurance Company ("FGIC") issued Bond No. SY0899 (the "Bond") on behalf of The Losco Group, Inc. ("Losco") in connection with contract between Losco and the State University Construction Fund ("SUCF") regarding a project generally known as New Academic Support Building State University College at Purchase (the "Project"), refers the Court to the Bond for its terms and conditions, and otherwise denies the allegations in said paragraph.

8. Travelers denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and refers the Court to the subcontract referenced therein for its terms and conditions.

9. Travelers denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Answering Paragraph 10 of the Complaint, Travelers admits that FGIC received the letters referenced therein, is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraph, and denies any liability therefor.

11. Travelers denies the allegations in Paragraph 11 of the Complaint, except it admits that FGIC acknowledged receipt of WDF's letters dated May 11, 2006 and June 21, 2006.

## AFFIRMATIVE DEFENSES

## ALLEGATIONS COMMON TO ALL AFFIRMATIVE DEFENSES

12. Upon information and belief, Losco, as general contractor, entered into Contract No. 29273 (the "Contract") with SUCF, as Owner, for the construction of the Project.

13. In connection with the Contract, Losco entered into a certain subcontract agreement with WDF pursuant to which WDF agreed to perform the work called for therein.

14. FGIC issued the Bond in connection with the Project.

15. On or about January 17, 2006, WDF, FGIC and Losco entered into a Subcontractor Ratification Agreement.

16. Pursuant to the terms of the Subcontractor Ratification Agreement, WDF agreed to perform the balance of the work then remaining to be performed under the Subcontract.

17. Pursuant to the terms of the Subcontractor Ratification Agreement, WDF released and forever discharged "Losco and the Surety [FGIC] and its and their respective successors and assigns of and from any and all claims, demands, liability, obligations, damage and causes of action whatsoever, whether known or unknown, whether past or present, which it [WDF] ever had or, now has arising directly or indirectly out of or in any way relating to the construction of the Project; materials furnished or labor performed by Subcontractor in connection with the Project; arising out of any act of Losco relating to or affecting the work called for by the Subcontract; arising out of any act of the Owner [SUCF] relating to or affecting the work called for by the Subcontract."

## FIRST AFFIRMATIVE DEFENSE

18. Plaintiff has failed to state a cause of action against Travelers.

**SECOND AFFIRMATIVE DEFENSE**

19. Plaintiff's claims should be dismissed, in whole or in part, because it has no privity of contract with Travelers.

**THIRD AFFIRMATIVE DEFENSE**

20. By reason of the foregoing, Plaintiff has released, in whole or in part, its claims against Travelers.

**FOURTH AFFIRMATIVE DEFENSE**

21. By reason of the foregoing, Plaintiff's claims are barred, in whole or in part, by reason of the principle of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

22. By reason of the foregoing, Plaintiff's claims are barred by reason of the principle of accord and satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

23. Plaintiff's release of Losco, the principal on the Bond, under the Subcontractor Ratification Agreement also discharges Travelers of any liability to Plaintiff for the claims asserted herein.

**SEVENTH AFFIRMATIVE DEFENSE**

24. Plaintiff's claims against Travelers are barred, in whole or in part, by reason of Plaintiff's failure to perform its obligations under the Subcontractor Ratification Agreement.

**EIGHTH AFFIRMATIVE DEFENSE**

25. Plaintiff's claims are barred, whole or in part, by reason of the principle of waiver.

**NINTH AFFIRMATIVE DEFENSE**

26. On information and belief, Plaintiff failed to mitigate its damages.

**TENTH AFFIRMATIVE DEFENSE**

27. Upon information and belief, Plaintiff breached its obligation under the Subcontract in connection with the Project such that Losco's and FGIC's' costs of performance in connection with the Contract were increased, thereby entitling Travelers to offset against any liability it may have to Plaintiff (which liability is denied), to the extent of such increase in costs.

**ELEVENTH AFFIRMATIVE DEFENSE**

28. Travelers may assert any defense to the claims herein that Losco, its principal, would have been entitled to assert had it been named as a party.

**TWELFTH AFFIRMATIVE DEFENSE**

29. Plaintiff's claims against Travelers are barred under the Statute of Frauds because Travelers did not agree in writing to answer for Losco's debts and because Travelers is not responsible for any obligation owed to Plaintiff by FGIC.

WHEREFORE, Travelers demands judgment dismissing the complaint, awarding it the costs and disbursements of this action, together with such other and further relief as to the Court may seem just and proper.

Dated: August 31, 2007

WOLFF & SAMSON PC
Attorneys for Defendant
The Travelers Companies Inc.
One Boland Drive
West Orange, New Jersey 07052
(973) 325-1500

By:   /s/ David E. Wolff
     DAVID E. WOLFF (DW-8203)

TO: Becky Tung, Esq.
    Attorney for Plaintiff WDF, Inc.
    30 North MacQuesten Parkway
    Mount Vernon, NY 10550
    (914) 776-8063